UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KING SOLOMON SEALS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:24-cv-01481-SRC |
| NORMANDY NURSING CENTER, et al., | ) ) ) ) |
| Defendants. | ) ) |

### Memorandum and Order

King Solomon Seals, a self-represented litigant currently residing at Normandy Nursing Center, brings this action under 42 U.S.C. § 1983 for alleged civil-rights violations. Doc. 1. Now, he moves to proceed *in forma pauperis* in this case. Doc. 2. Having reviewed Seals's IFP application, the Court grants it and waives the filing fee. Further, after reviewing his complaint and the attached materials, the Court dismisses Seals's claims for failure to state a claim.

**I.     Background**

Seals filed this action on a Prisoner Civil Rights Complaint form pursuant to section 1983. Doc. 1. But Seals is not a prisoner. Instead, he resides at Normandy Nursing Center. *See* docs. 1-5 at 1,[1] 1-4. In the complaint, Seals identifies himself as "King, Solomon or Queen Solomon Seals, or Seal, or Seales-Supalus." Doc. 1 at 1. He also refers to himself as "Prophet," "Noble," "Sulan," and "Allah." *Id.* at 2; *see also* doc. 1-4.

Seals named two defendants in the complaint: (1) Normandy Nursing Center; and (2) staff and residents, presumably working and residing at the nursing center. Doc. 1 at 1–2. He also checked both the "Individual Capacity" and "Official Capacity" boxes on the complaint

---

[1] The Court cites to page numbers as assigned by CM/ECF.

form. *Id.* at 2.  Under the "Statement of Claim" section, Seals asserted few factual allegations: "Ever since I've been here at this center, everybody here is plotting against me," including "evil words, questions, and deeds." *Id.* at 3 (cleaned up).  Of those the Court could discern, Seals's exhibits included "The Divine Constitution and By-Laws" of "The Moorish Science Temple of America," doc. 1-1 at 1, copies of numerous past cases involving Seals, *see id.* at 4–12, a copy of the Illinois Religious Corporation Act, *see id.* at 13–24, and various handwritten documents, some of which reference and discuss "The Moorish Science Temple of America," *id.* at 25, 27, "The Holy Koran," *id.* at 33, 52, "The Moorish Literature," *id.* at 36, and "The Moorish Literature Book," *id.* at 41.

Seals did not complete the "Relief" section of the complaint form.  Doc. 1 at 5.  In one of his exhibits, Seals explained that he "would like for the computers to scan the people here at the Normandy Nursing Center to find out if the staff and residents are trying to enslave and scapegoat me."  Doc. 1-4 at 1 (cleaned up).

**II.     IFP motion**

Pursuant to 28 U.S.C. § 1915(a)(1), a court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal . . . without prepayment of fees . . . , by a person who submits an affidavit that includes a statement of all assets" and "is unable to pay such fees."  On Seals's IFP application, he indicated that he does not have a job, any gross pay, or any money in a checking or savings account.  *See* doc. 2 at 1, 2.  He also disclosed that he "receive[s] $30.00 from [his] sister" on "the first of every month."  *Id.* at 1.  Thus, after reviewing Seals's IFP application, the Court determines that Seals "is unable to pay [the] fees" in this case.  28 U.S.C. § 1915(a)(1).  Accordingly, the Court grants Seals's IFP application and waives the filing fee.

2

### III.     Section 1915 initial review

####    A.     Standard

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss an *in forma pauperis* complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). And an action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679 (citation omitted). The Court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

Further, the Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that, "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even complaints filed by self-represented litigants must contain facts that, if true, amount to a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (citations omitted). Federal courts need not assume unalleged facts, *Stone*, 364 F.3d at 914–15, nor must they

3

interpret procedural rules in order to excuse mistakes by those who proceed without counsel, *see McNeil v. United States*, 508 U.S. 106, 113 (1993).

**B.     Discussion**

Seals brought this action on the Court's standard section-1983 complaint form. Doc. 1. So the Court construes Seals's allegations under section 1983. *See, e.g.*, *Lamar v. Payne*, 111 F.4th 902, 907 n.2 (8th Cir. 2024) ("[Federal courts] liberally construe pro se filings."). To state a claim under section 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *see also Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citations omitted) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."). But after careful review of Seals's complaint and the supporting materials, he does not satisfy either element.

First, Seals does not assert any facts "alleg[ing] the violation of a right secured by the Constitution and laws of the United States[.]" *West*, 487 U.S. at 48; *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (per curiam) (affirming lower court's dismissal of pro-se plaintiff's complaint against two defendants who were "merely listed . . . in [the] complaint," because plaintiff "did not allege they were personally involved in the constitutional violations"). Instead, he pleaded that, "ever since I've been here at the Normandy Nursing Center, everybody is plotting against me" with "evil words, questions, and deeds." Doc. 1 at 3 (cleaned up). Thus, Seals fails to allege any facts supporting a constitutional violation, *see Krych*, 83 F. App'x at 855, and the Court will not assume unalleged facts, *Stone*, 364 F.3d at 914–15.

4

And second, "'[o]nly state actors can be held liable under Section 1983.'" *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008) (quoting *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001)).  As a result, section 1983 "'excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'" *Id.* (quoting *Ams. United for Separation of Church & State v. Prison Fellowship Ministries, Inc.*, 509 F.3d 406, 421 (8th Cir. 2007)).  And to "hold a private party liable under" section 1983, a plaintiff "must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993).  Here, Seals did not allege that the Normandy Nursing Center or its staff and residents constitute "'state actors.'" *Carlson*, 552 F.3d at 650 (quoting *Youngblood*, 266 F.3d at 855).  Nor did he allege that "there was a mutual understanding, or a meeting of the minds, between" the Normandy Nursing Center, its staff, or its residents "and [any] state actor." *Mershon*, 994 F.2d at 451.  Therefore, Seals fails to satisfy the color-of-state-law prong, and, in the end, he "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**IV.     Conclusion**

Accordingly, the Court grants Seals's [2] Application to Proceed in District Court without Prepaying Fees or Costs.  The Court also dismisses without prejudice Seals's claims against all defendants brought pursuant to 42 U.S.C. § 1983.  The Court certifies that an appeal from this dismissal would not be taken in good faith.  A separate order of dismissal accompanies this Memorandum and Order.

So ordered this 4th day of December 2024.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE